UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GREAT AMERICAN SECURITY INSURANCE COMPANY, | Case No.: |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| -v.- | |
| QUONTIC BANK and QUONTIC BANK HOLDINGS CORP., | |
| Defendant. | |

Plaintiff Great American Security Insurance Company ("Great American"), by and through its undersigned counsel, as and for its Complaint against Defendants Quontic Bank and Quontic Bank Holdings Corp. (collectively, "Quontic Bank" or the "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1. Great American brings this action to obtain a declaration that it has no duty to defend or indemnify Defendants with respect to a lawsuit captioned *Sapan v. Quontic Bank, Quontic Bank Holdings Corp.,* Case No. 22-cv-00849, filed in the United States District Court, Central District of California (the "Sapan Action"), as it relates to a claim made prior to the policy.

## THE PARTIES

2. Plaintiff Great American is now and was at all relevant times a corporation formed under the laws of the State of Ohio, with its principal place of business in Cincinnati, Ohio and is authorized to do business in the State of New York.

3. Upon information and belief, Defendant Quontic Bank is a federally chartered community bank organized and existing pursuant to the laws of the State of New York with its principal place of business located at One Rockefeller Plaza, 9th Floor, New York, NY 10020.

4. Upon information and belief, Defendant Quontic Bank Holdings Corp. is a Savings and Loan Holding Company incorporated in Delaware and headquartered in the State of New York with its principal place of business located at One Rockefeller Plaza, 9th Floor, New York, NY 10020.

5. Upon information and belief, Quontic Bank is wholly-owned by Quontic Bank Holdings Corporation.

## JURISDICTION AND VENUE

6. Great American files this action under and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332(a)(1) as the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000) and there is complete diversity of citizenship between Great American and Defendants.

8. Venue in this District is proper under 28 U.S.C. § 1391(b)(2).

9. There is an actual controversy of a justiciable nature between the parties involving their rights and obligations under an insurance contract.

10. Great American is, therefore, entitled to bring this action for declaratory relief in this Court.

## THE GREAT AMERICAN POLICY

11. Great American issued Directors & Officers Liability Insurance Policy No. DNOE421902 to Quontic Bank for the policy period of December 1, 2021 to December 1, 2022 (the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit 1.

12. The Policy contains Broad Form Company Liability Insurance Coverage Form PD 1020 NY (10 18), which provides in pertinent part as follows:

> **THE BROAD FORM COMPANY LIABILITY INSURING AGREEMENT**
>
> The **Insurer** will pay on behalf of the **Company**, **Loss** resulting from **Claims** first made during the **Policy Period** or Extended Reporting Period against the **Company** for allegations involving or relating to:
>
> (1) **Lending Services**;
>
> (2) **Professional Services**, including but not limited to **Brokerage/Advisory Services** and **Insurance Services**;
>
> (3) the **Company** while acting solely in the capacity as administrator, custodian, or trustee under any individual retirement account (IRA) or H.R. 10 Plan (Keogh Plan) outside of the scope of any Trust Department or Trust **Subsidiary** of the **Company**; or
>
> (4) other causes of action
>
> for which the **Company** is legally obligated to pay for **Wrongful Acts**. In the event that a **Claim** is covered under this Insuring Agreement, the **Insurer** shall not be liable for payment of **Loss** in connection with such **Claim** under any other Insuring Agreement.

*See* Policy at Broad Form Company Liability Insuring Agreement.

13. The Policy defines "Claim" to mean any of the following instituted against an Insured: "(1) a written demand, other than a **Special Committee Inquiry Demand** or a **Books and Records Request**, for monetary damages that is received by an **Insured** during the **Policy Period** or, if applicable, Extended Reporting Period; (2) a civil proceeding commenced by the service of a complaint or similar pleading;… for a **Wrongful Act** including any appeals from such proceedings." *See* Policy at Section IV., as amended by the Latitude Endorsement.

14. The Policy defines "Wrongful Act" as "any actual or alleged error, omission, misstatement, misleading statement, neglect or breach of duty by . . . (3) the **Company**, but only to the extent that coverage is granted to the **Company** by an Insuring Agreement made a part of this **Policy**." *See* Policy at Section IV.

15. The Policy defines "Interrelated Wrongful Acts", in pertinent part, as "any **Wrongful Acts** which have as a common nexus any fact, circumstance, situation, event, transaction, cause or series of causally connected facts, circumstances, situations, events, transactions or causes." *Id.*

16. Section VI.C. of the Policy provides, in pertinent part:

> **Claims** based upon or arising out of the same **Wrongful Act** or **Interrelated Wrongful Acts** committed by one or more **Insureds** shall be considered a single **Claim**, and only one Retention, coinsurance and Limit of Liability shall apply to such single **Claim**. Each such single **Claim** shall be deemed to be first made on the date the earliest of such **Claims** was first made, regardless of whether such date is before or during the **Policy Period**.

## THE DEMAND LETTER

17. Paul Sapan ("Sapan") issued a demand letter to Quontic Bank on or about February 14, 2020 (the "Demand Letter"). A copy of the Demand Letter is attached hereto as Exhibit 2.

18. The Demand Letter included a demand that Quontic Bank cease and desist telemarketing calls to Sapan's residential telephone number.

19. Sapan asserted that Quontic Bank made one prerecorded telemarking call and four live telemarketing calls to his residential number in June 2019 in violation of the Telephone Consumer Protection Act (the "TCPA") and California consumer protection laws.

20. Sapan demanded $13,000 consisting of: (1) $1,500 for 1 violation of 47 U.S.C. § 227(b)(1)(B); (2) $1,500 each for 5 violations of 47 C.F.R. § 64.1200(c); (3) $1,500 each for 2

violations of 47 C.F.R. § 64.1200(b)(1), (b)(2); (4) $500 for attorney fees Cal. Civ. Code § 1770(a)(22)(A); and (5) $500 compensation for not imposing an injunction and costs of suit.

## THE SAPAN ACTION

21. On or about April 21, 2022, Sapan filed a complaint in the Sapan Action in the United States District Court, Central District of California. A true and correct copy of the complaint in the Sapan Action is attached hereto as Exhibit 3 (the "Underlying Complaint").

22. The Sapan Action is brought on behalf of two sub-classes of individuals. Sub-class 1 is comprised of all persons whose number was registered on the National Do-Not-Call registry yet received two or more telemarking calls from April 21, 2018 to present. Sub-class 2 is comprised of all persons who had a number subscribed to a residential tariff who received a pre-recorded voice call trying to sell financial services from April 21, 2018 to present.

23. According to the Underlying Complaint, Quontic Bank engaged in a scheme to sell financial consultation and/or mortgage services via cold calls using prerecorded voice telemarketing, often to residential phone numbers on the National Do Not Call Registry, intentionally violating the TCPA.  *Id.* at ¶¶ 11, 20.

24. As to Sapan specifically, it is alleged that Quontic Bank made the same four live telemarketing calls to his home as set forth in the Demand Letter, despite his number being registered on the Do Not Call Registry.  *Id.* at ¶¶ 21 – 25.

25. The Sapan Action and the Demand Letter allege Interrelated Wrongful Acts.

26. Pursuant to Section VI. C. of the Policy, Claims based upon or arising out of the same Wrongful Act or Interrelated Wrongful Acts shall be considered a single Claim deemed made when the earliest of such Claims was first made.

27. The Demand Letter and the Sapan Action constitute a single Claim first made on or about February 14, 2020.

28. Since the Sapan Action is not a Claim first made during the December 1, 2021 to December 1, 2022 Policy Period, coverage is not available under the Policy.

## COUNT I
### (Declaratory Judgment – No Duty to Defend or Indemnify)

29. Great American incorporates by reference and restates herein the allegations of paragraphs 1 through 28 above as if fully set forth herein.

30. An actual and justiciable controversy exists between Great American and Defendants concerning whether Great American has a duty to defend and indemnify Quontic Bank in the Sapan Action.

31. Great American contends that pursuant to Section VI.C., the Claim was not made during the Policy Period and, therefore, the Insuring Agreement is not met and it has no coverage obligation to Quontic Bank regarding the Sapan Action.

32. Great American understands that the Defendants seek coverage under the Policy.

33. Great American requests that the Court enter judgment declaring it has no duty to defend or indemnify the Defendants in the Sapan Action.

## PRAYER FOR RELIEF

WHEREFORE, Great American respectfully requests that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201 against the Defendants as follows:

1. That the court determine, decree, and adjudge that Great American has no duty to defend or indemnify Quontic Bank under the Policy for the Sapan Action;

2. For attorneys' fees and costs;

3. For costs of suit incurred herein; and

4.  For such other and further relief as the Court deems just, proper, and equitable.

Dated:  August 23, 2022
        New York, New York

                                            Respectfully submitted,

                                            CLYDE & CO US LLP

                                 By:  */s/ Katelin O'Rourke Gorman*
                                            Katelin O'Rourke Gorman, Esq.
                                            Lauren Elizabeth Boulbol, Esq.
                                            405 Lexington Avenue, 16th Floor
                                            New York, New York 10174
                                            Telephone: (212) 710-3900
                                            Facsimile: (212) 710-3950
                                            Email: katelin.gorman@clydeco.us
                                                         lauren.boulbol@clydeco.us

                                            *Attorneys for Plaintiff*
                                            *Great American Security Insurance Company*